IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | | |
|---|---|---|
| G & C LAND | ) | |
| *Plaintiff,* | ) | |
| | ) | |
| v. | ) | Civil Action No. 5:12-CV-00134-C |
| | ) | |
| FARMLAND MANAGEMENT SERVICES, | ) | |
| *Defendant.* | ) | |

---

## DEFENDANT'S MOTION FOR EXPEDITED STAY OF ANY PROCEEDINGS TO ENFORCE DEFAULT JUDGMENT, AND BRIEF IN SUPPORT THEREOF

---

Defendant Farmland Management Services ("FMS") files its Expedited Motion to Stay Proceedings to Enforce Judgment pursuant to Federal Rule of Civil Procedure 62 (b)(4).

### I. PROCEDURAL BACKGROUND

1.     On August 6, 2012, at 10:15 a.m., a default judgment against FMS was filed with the Lubbock County District Clerk with the stamp of Hon. Judge Les Hatch, the district judge who presides over the 237th District Court in Lubbock County, not the 99th District Court.

2.     G & C Land's counsel served notice of the purported default judgment upon FMS's registered agent for service, CT Corporation, via certified mail postmarked August 6, 2012 and received by CT Corporation on August 9, 2012. FMS filed its original Motion to Set Aside and/or Vacate Default Judgment and Brief in Support (Doc. 7) on August 13, 2012. The Court denied FMS's original Motion to Set Aside and/or Vacate Default Judgment on August 16, 2012 (Doc. 8) because the Motion did not contain a certificate of conference and did not provide an identified brief in support. Therefore, FMS filed an Amended Motion to Set Aside and/or Vacate Default Judgment and Brief in Support on August 17, 2012 with a certificate of

conference and identified briefing (Doc. 11). FMS filed its Second Amended Motion to Set Aside or Vacate Default Judgment on August 21, 2012 (Doc. 17-19).

    3.     Defendant respectfully requests that the Court consider this Motion to Stay Proceedings expeditiously for the following reasons. First, the 14 day automatic stay provided by Federal Rule of Civil Procedure 62 as to execution on Plaintiff's judgment ended on Monday August 20, 2012. Without an extension of the automatic stay, Plaintiff could attempt to execute on the August 6, 2012 judgment while Defendant's motion to set aside or vacate remains pending.

**II. MOTION FOR EXPEDITED STAY OF ANY PROCEEDINGS TO ENFORCE DEFAULT JUDGMENT**

    4.     Federal Rule 62 provides the following:

**Rule 62.  Stay of Proceedings to Enforce a Judgment**

    (a)   **Automatic Stay; Exceptions for Injunctions, Receiverships, and Patent Accountings**. Except as stated in this rule, no execution may issue on a judgment, nor may proceedings be taken to enforce it, until 14 days have passed after its entry. But unless the court orders otherwise, the following are not stayed after being entered, even if an appeal is taken:

        (1)   an interlocutory or final judgment in an action for an injunction or a receivership; or

        (2)   a judgment or order that directs an accounting in an action for patent infringement

    (b)   **Stay Pending the Disposition of a Motion**. On appropriate terms for the opposing party's security, the court may stay the execution of a judgment-- or any proceedings to enforce it--pending disposition of any of the following motions:

        (1)   under Rule 50, for judgment as a matter of law;

        (2)   under Rule 52(b), to amend the findings or for additional   findings;

        (3)   under Rule 59, for a new trial or to alter or amend a judgment; or

(4)   under Rule 60, for relief from a judgment or order.

5.      Defendant filed its Motion to Set Aside and/or Vacate Default Judgment and Brief in Support on August 13, 2012 (Doc.7), filed its Amended Motion to Set Aside and/or Vacate Default Judgment and Brief in Support on August 17, 2012 (Doc. 11) and filed its Second Amended Motion to Set Aside or Vacate Default Judgment on August 21, 2012 (Doc. 17-19). Defendant continues to believe, for the reasons expressed in its Second Amended Motion and Brief in Support thereof, and the reasons set forth herein that the default judgment is void as a matter of law and unenforceable.

6.      Federal Rule of Civil Procedure 54(c) provides that a "default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings. As set out Defendant's Brief in Support of its Second Amended Motion to Set Aside or Vacate Default Judgment (Doc. 18), the default judgment exceeds what is demanded in the pleadings. Specifically, the default judgment includes unliquidated damages (for mental anguish) and monetary relief that the state court petition fails to specify or liquidate in any regard. The default judgment also subjected attorney's fees to ongoing interest, but interest on fees was not requested in the state court petition.

7.      Federal Rule of Civil Procedure 54(b) provides that "[A]ny order or other decision, however designated, that adjudicates fewer than all the claims...does not end the action as to any of the claims...and may be revised at any time before the entry of the judgment adjudicating all the claims...." Fed. R. Civ. P. 54(b). With regard to such interlocutory orders or judgments, Rule 54(b) requires that the Court "direct entry of a final judgment as to one or more, but fewer than all, claims...only if the court expressly determines that there is no just reason for delay" in order to end the action as to the claims specified by the court. Plaintiff has not sought a

direct entry of a final judgment as to the default judgment that includes fewer than all of the claims set out in Plaintiff's Original Petition.

8.     Execution on the default would be improper and indeed would subject Plaintiff or Plaintiff's counsel to potential tort damages for wrongful execution. However, since Plaintiff refuses to agree not to attempt to execute while the Second Amended Motion remains pending, Defendant seeks an Order staying execution because any attempts by Plaintiff to enforce the void default judgment entered by the Lubbock County District Court will cause undue prejudice and burden to FMS. Therefore, FMS respectfully requests that this Court stay these proceedings pending the disposition of its Second Amended Motion to Set Aside or Vacate Default Judgment.

WHEREFORE, PREMISES CONSIDERED, Defendant Farmland Management Services requests that this Court grant expedited consideration to this motion and stay the execution of the judgment or any proceedings to enforce it pending the disposition of Defendant's Second Amended Motion to Set Aside or Vacate Default Judgment, and for such other and further relief to which it may be justly entitled.

Respectfully submitted,

Lee L. Cameron, Jr.
State Bar No. 03675380
lee.cameron@wilsonelser.com
Bryan D. Pollard
State Bar No. 00795592
bryan.pollard@wilsonelser.com
Allison J. Maynard
State Bar No. 24055923
allison.maynard@wilsonelser.com
WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP
4800 Bank of America Plaza
901 Main Street
Dallas, Texas 75202
(214) 698-8000 (Telephone)
(214) 698-1101 (Facsimile)

ATTORNEYS FOR DEFENDANT
FARMLAND MANAGEMENT SERVICES

## CERTIFICATE OF CONFERENCE

On the morning of August 22, 2012, I conferred with Plaintiff's counsel regarding this motion by telephone. At that time Plaintiff's counsel was not willing to discuss this Motion due to what she believed was an error set forth in Defendant's Brief in Support of its Second Amended Motion to Set Aside and/or Vacate Default Judgment.  Counsel for Defendant responded to Plaintiff's counsel's expressed concern via email at 12:22 p.m. on August 22.  Counsel for Defendant asked counsel for Plaintiff whether she would agree to not to execute on the default and, if not, whether she would oppose this Motion. Counsel for Defendant thereafter filed a First Supplemental Certificate of Conference. Finally, at approximately 3:50 p.m. counsel for Defendant attempted to reach counsel for Plaintiff by telephone.  Counsel for Plaintiff did not answer her telephone but counsel for Defendant left a voice mail message. Counsel for Plaintiff thereafter sent Defendant's counsel an email, but that email did not indicate whether Plaintiff would or would not oppose this Motion. Accordingly, since no agreement has been reached, this Motion is presented to the Court for determination.

/s/Lee L. Cameron, Jr.
Lee L. Cameron, Jr.

## CERTIFICATE OF SERVICE

I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court.  I hereby certify that I have served all counsel of record electronically or by another manner authorized by Federal Rule of Civil Procedure 5 (b)(2) on August 22, 2012.

Bryan D. Pollard